**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SONIA AGOSTINO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PARTY CITY HOLDINGS INC.,<br><br>Defendant, | Civil Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

SONIA AGOSTINO ("Plaintiff") and a class of those similarly situated ("Other Similarly Situated Former Employees") (collectively "Plaintiffs") bring this class action complaint against PARTY CITY HOLDINGS INC. ("Defendant").

**NATURE OF THE ACTION**

1.      This is a class action for the recovery by Plaintiff and Other Similarly Situated Former Employees of Defendant PARTY CITY HOLDINGS INC., of damages in the amount of ninety (90) days' pay by reason of Defendant's violation of the Plaintiff and Other Similarly Situated Former Employees' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et seq*. (the "WARN Act") and the Millville Dallas

1

Airmotive Plant Job Loss Notification Act, located at N.J.S.A. 34:21-1, *et seq.* (the "NJ WARN Act").

2. Plaintiff and Other Similarly Situated Former Employees were employed by Defendant until they were all terminated as part of, or as a result of, a mass layoff ordered by Defendant on or about September 17, 2024.

3. Defendant terminated Plaintiff and Other Similarly Situated Former Employees, approximately 181 persons in total, without at least 60 days advance written notice as required under the WARN Act and without at least 90 days advance written notice as required under the NJ WARN Act.

4. As a consequence, the Plaintiff and Other Similarly Situated Former Employees are entitled to relief under the WARN Act and the NJ WARN Act.

## **PARTIES**

5. Upon information and belief, Defendant PARTY CITY HOLDINGS INC., is a corporation duly licensed to do business in the State of New Jersey that maintains its corporate headquarters and principal offices at: <u>1 Celebration Square, Woodliff Lake, NJ 07677</u>.

6. Plaintiff SONIA AGOSTINO is a natural person and was employed by Defendant until her layoff without cause on or about September 17, 2024.

7. Plaintiff Other Similarly Situated Former Employees, numbering approximately 180 natural persons, were employed by Defendant until their layoffs without cause on or about September 17, 2024.

8. Upon information and belief, Defendant employed approximately 328 persons prior to the September 17, 2024 mass layoffs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this proceeding pursuant to 28 U.S. Code § 1331 and 29 U.S. Code § 2104 (a)(5).

10. Both violations of the WARN Act and the NJ WARN Act occurred in this District. Venue in this Court is proper pursuant to U.S. Code § 2104 (a)(5).

## CLASS ACTION ALLEGATIONS: The WARN Act & The NJ WARN Act

11. Pursuant to the WARN Act and the NJ WARN Act, the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Former Employees.

12. Each of the Other Similarly Situated Former Employees are similarly situated to the Plaintiff in respect of their own rights under the WARN Act and the NJ WARN Act.

13. Defendant was required to provide at least 60 days advance written notice as required under the WARN Act.

14. Defendant was required to provide at least 90 days advance written notice as required under the NJ WARN Act.

15. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complained with the requirements of the WARN Act and the NJ WARN Act.

16. Defendant failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective pay for 90 days following their respective terminations.

## CLASS ACTION ALLEGATIONS: Rules 23 (A) & (B)

17. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a)

and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Other Similarly Situated Former Employees who worked at Defendant's headquarters location and were terminated as part of or as the reasonably foreseeable result of the mass layoff ordered by the Defendant on or about September 17, 2024 (the "Class").

18. The persons in the Class identified above ("Class Members") are so numerous that the joinder of all Class Members is impracticable.

19. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

20. The claims of the representative parties are typical of the claims of the Class.

21. The representative parties will fairly and adequately protect the interest of the Class.

22. The Plaintiffs have retained counsel competent and experienced in complex class action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of the WARN Act and NJ WARN Act litigation, where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

24. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Class Members were employees of the Defendant;

    b. Whether Defendant terminated the employment of the Class Members without

       cause on their part and without giving them 90 days advance written notice;

   c. Whether the Defendant may rely on the WARN Act's "unforeseeable business circumstances" defense.

   d. Whether or not Defendant's failure to provide 90 days' notice renders them liable to the Class Members for 90 days' pay.

### FIRST CAUSE OF ACTION: The WARN Act, 29 U.S.C. §§ 2101-2109

25. At all times, Defendant was an "employer," as that term is defined in 29 U.S.C. §§ 2101-2109(a)(1) of the WARN Act.

26. The Plaintiffs and the Class members who Defendant terminated as a result of Defendant ordering the mass layoffs on or about September 17, 2024, were "affected employees" as defined by 29 U.S.C. §§ 2101(a)(5) of the WARN Act.

27. The mass lass layoff resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at their headquarters.

28. The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. §§ 2104 (a)(7).

29. Pursuant to Section 2102 of the WARN Act, Defendant was required to provide at least 60 days prior written notice to the Class Members, but failed to do so, violating the WARN Act.

30. Defendant informed Plaintiffs that they were being terminated on September 17, 2024 and then terminated Plaintiffs on the same date, September 17, 2024.

31. Defendant accordingly failed to provide 60 days written notice of their mass

layoffs in violation of the WARN Act.

32. Defendant accordingly failed to provide 60 days of severance pay written notice of their mass layoffs in violation of the WARN Act.

**SECOND CAUSE OF ACTION: The NJ WARN Act, N.J.S.A. 34:21-1,** *et seq.*

33. Plaintiffs repeat and re-allege the allegations contained in the previous paragraphs as if set forth at length herein.

34. Plaintiffs are entitled to the rights, protections, and benefits provided under the NJ WARN Act.

35. Defendant is subject to the notice and back pay requirements of the NJ WARN Act because Defendant is a business enterprise that employs 50 or more employees across the entire state.

36. Defendant is required to provide 90 days' advance written notice for mass layoffs.

37. Defendant informed Plaintiffs that they were being terminated on September 17, 2024 and then terminated Plaintiffs on the same date, September 17, 2024.

38. Defendant accordingly failed to provide 90 days written notice of their mass layoffs in violation of the NJ WARN Act.

39. Defendant accordingly failed to provide 90 days of severance pay written notice of their mass layoffs in violation of the NJ WARN Act.

40. As severance is considered wages at the time of termination, Plaintiffs are entitled to liquidated damages of 200% of their owed wages pursuant to the New Jersey Wage Payment Law, **N.J.S.A. 34:11-4.1,** *et seq.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment as follows:

    I.    On the FIRST CAUSE OF ACTION: The WARN Act, 29 U.S.C. §§ 2101-2109

        a.  Judgment in an amount equal to the sum of sixty (60) working days following the Plaintiffs' termination;

    II.   On the SECOND CAUSE OF ACTION: The NJ WARN Act, N.J.S.A. 34:21-1, et seq.

        a.  Judgment in an amount equal to the sum of ninety (90) working days following the Plaintiffs' termination;

    III.  Certification that, pursuant to Rules 23(a) and (b)(3) and the WARN Act, Plaintiffs and the Class Members constitute a single class;

    IV.  Interest as allowed by law on the amounts owed under the preceding paragraphs,

    V.   Appointment of the undersigned attorneys as Class Counsel;

    VI.  Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for their services as such;

    VII. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action as authorized by the WARN Act and the NJ WARN Act;

    VIII. Such other further relief this Court deems fit and proper.

Dated: Newark, New Jersey  
September 23, 2024

**DAVIS LAW CENTER**

*/s/ Rob Davis*____  
    Rob Davis

DAVIS LAW CENTER  
3 Main St. Newark, NJ  
T: (973) 315-7566  
E: Rob@davislawcenterllc.com

**EZRA LAW, P.C.**  
Ezra Salami  
295 Front Street  
Dumbo, Brooklyn, 11201  
T: (347) 696-7555  
E: ezra@ezralaw.co

*Counsels for Plaintiffs*